Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 0229 | **DATE** | JUN 28 2001 |
| **CASE TITLE** | Herman C. Nitz, Jr. (IDOC #N-08438) v. Correctional Officer French | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss on grounds of nonexhaustion is denied. Defendant is ordered to answer the complaint within thirty days of this order. July 9, 2001 status hearing stricken. Plaintiff's motion for appointment of counsel [4-1] is granted. Appointment of counsel will be by separate order.

(11) ■ For further detail see order attached to the original minute order.

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUL 02 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUN 29 PM 1:16 | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HERMAN J. NITZ, )
)
Plaintiff, )
) No. 01 C 0229
v. )
) Judge William J. Hibbler
CORRECTIONAL OFFICER FRENCH, )
)
Defendant. )

DOCKETED
JUL 0 2 2001

MEMORANDUM OPINION AND ORDER

Plaintiff Herman J. Nitz, a prisoner in the custody of the Illinois Department of Corrections (IDOC) now incarcerated at Logan Correctional Center, sued Correctional Officer French for failing to protect him from another inmate while Nitz was incarcerated at Sheridan Correctional Center. According to the complaint, on October 24, 2000, Nitz told French that he was afraid of his cellmate, Ryan Kirkpatrick, telling French that Kirkpatrick had threatened him "sexually and bodily." French did not take him seriously. Nitz then asked French to take his request "through the chain of command"; French "laughed and told me I was crazy." That night Nitz was beaten and sexually attacked by Kirkpatrick.

The court granted Nitz leave to proceed in forma pauperis, and defendant French has filed a motion to dismiss on the ground that Nitz did not exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). For the following reasons the motion is denied.

In deciding a motion to dismiss, the court assumes that the alleged facts are true and draws every reasonable inference in the plaintiff's favor. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). A pro se complaint is held to less stringent standards than a complaint drafted by an attorney, *id.* at 845-46, and for a pro se plaintiff the court considers the allegations contained in all documents filed with the court. *See Gutierrez v. Peters*, 111 F.3d 1364, 1367 & n. 2 (7th Cir. 1997); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992). Nevertheless, a *pro se* plaintiff, like any other, can plead himself out of court by pleading facts that undermine the allegations set

forth in his complaint, or that show that he has no claim. *Henderson*, 196 F.3d at 846; *Gutierrez*, 111 F.3d at 1374.

The Prison Litigation Reform Act (PLRA) contains a comprehensive administrative exhaustion requirement: "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although not depriving the district court of subject-matter jurisdiction, the provision requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000)(*citing Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 534-35 (7th Cir. 1999)).

IDOC has an established administrative grievance procedure. Prisoners are directed to attempt to resolve complaints (other than complaints concerning disciplinary proceedings) through correctional counselors. If the complaint cannot be resolved informally, a prisoner may file a written grievance on a grievance form within six months of the incident. A designated Grievance Officer is directed to review the grievance and submit findings and recommendations in writing to the Chief Administrative Officer (the warden of the institution) within 30 days after receipt of the grievance (this, and all other prescribed response times, is qualified with "whenever possible"), and the Chief Administrative Officer is to advise the prisoner of the decision in writing within 15 days after receiving the Grievance Officer's report.

A dissatisfied prisoner may appeal in writing to the Director of IDOC within 30 days after receipt of the response. The Director reviews the grievance and the responses of the Grievance Officer and Chief Administrative Officer. If it is determined that the grievance is without merit or can be resolved without a hearing, the committed person is to be advised of this disposition, in writing, within 60 days after receipt of the grievance. Otherwise, if the Director refers the matter to the Administrative Review Board, the Board may, in its discretion, hear witnesses or examine

records, and submits a written recommendation to the Director within 60 days after receipt of the grievance. Title 20 Ill. Admin. Code §§ 504.810-850.

Nitz attached a declaration to his complaint in which he stated that he filed "several grievances, inquiries, and requests," but "said department," presumably IDOC failed to reply or respond. He stated that he was told that "Springfield" would not review a grievance that had not been heard at the "institutional level" (which we assume means the warden of the institution), and Nitz believed that his grievance would not be heard since he had been transferred from Sheridan Correctional Center to Logan Correctional Center on November 15, 2000. French asserts that by acknowledging that he did not appeal to the Director, Nitz has pleaded himself out of court.

It is settled that an inmate's perception that utilization of the grievance procedure would be futile does not excuse his failure to exhaust administrative remedies. *Perez*, 182 F.3d at 536. It has likewise been held that the fact that the plaintiff seeks only money damages -- which the grievance procedure cannot provide -- does not excuse exhaustion. *Id.* at 537. Nevertheless, the exhaustion requirement presupposes that *some* relief be available through the administrative process, though not necessarily the relief the plaintiff would prefer. *Id.*, 182 F.3d at 537-38. As Judge Easterbrook wrote in *Perez*:

> It is possible to imagine cases in which the harm is done and no further administrative action could supply any "remedy." . . . Suppose the prisoner breaks his leg and claims delay in setting the bone is cruel and unusual punishment. If the injury has healed by the time suit begins, nothing other than damages could be a "remedy," and if the administrative process cannot provide compensation then there is no administrative remedy to exhaust.

*Id.* at 538.

Although this so-called "*Perez* exception" is dictum, it is consistent with the purpose and language of the PLRA. A "remedy" that can provide no relief at all is not a "remedy" in any reasonable sense of the term. Congress clearly intended to require prisoners to give correctional authorities the first opportunity to resolve problems internally before suing them in court. But it is unreasonable to assume that Congress intended that a prisoner be required to execute an intricate

3

*pas de deux* with the correctional bureaucracy to no purpose other than to create delay and give the prisoner an opportunity to stumble and forfeit his claim. Many opinions from this court have held that when the grievance procedure can offer no relief, a prisoner is not required to exhaust an administrative non-remedy.[1]

The Supreme Court's recent opinion in *Booth v. Churner*, ___ U.S. ___, 121 S.Ct. 1819 (May 29, 2001), does not change the law in this circuit.[2] Booth, the petitioner, claimed to have been physically assaulted by prison guards on four separate occasions while confined in a Pennsylvania prison. Booth filed initial grievances within the prison grievance system relating to at least some of the assaults, but did not pursue the second and third steps of the grievance procedure. Booth sued four prison guards in federal district court under 42 U.S.C. § 1983, seeking both monetary damages for the alleged violations of his constitutional rights and a transfer to another prison. The district court dismissed the complaint under 42 U.S.C. § 1997e(a) because Booth had not exhausted administrative remedies, and the Court of Appeals for the Third Circuit affirmed. *Booth v. Churner*, 206 F.3d 289 (3rd Cir. 2000). The Supreme Court granted certiorari and affirmed.

The Court framed the question before it as "whether an inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money. We hold that he must." 121 S.Ct. at 1821. This, of course,

---

[1] *See, e.g., Wilson v. Howell*, No. 00 C 5205, 2001 WL 619507 (N.D.Ill. 2001)(Guzman, J.); *Williams v. Joliet Corrections Medical Unit*, No. 98 C 7559, 2000 WL 152134 (N.D.Ill. 2000)(Hibbler, J.); *Longoria v. Diaz*, No. 00 C 136, 2000 WL 1056349 (N.D.Ill. 2000)(Kennelly, J.); *Moss v. Mormon*, No. 99 C 3571, 2000 WL 283967 (N.D.Ill. 2000)(Andersen, J.); *Witt v. Andrew*, No. 99 C 2866, 2000 WL 1349246 (N.D.Ill. 2000)(Leinenweber, J.); *Stokes v. Rivera*, No. 99 C 5393, 2000 WL 816788 (N.D.Ill. 2000)(Zagel, J.); *Brazelton v. Myatt*, No. 99 C 1169, 1999 WL 966435 (N.D.Ill. 1999)(Grady, J.); *Rodriguez v. Oakley*, No. 98 C 4152, 1999 WL 618840 (N.D.Ill. 1999)(Plunkett, J.). Defendant's counsel is certainly aware of the "*Perez* exception" and of these opinions. While counsel need not agree with them, her failure to even mention the "*Perez* exception" is unacceptable.

[2] Interestingly, while noting a conflict among the circuits as to whether a prisoner seeking only monetary damages was required to exhaust administrative remedies, the Court in *Booth* did not mention the Seventh Circuit, *id.* at 1822, although both petitioner and respondent had cited *Perez* as having answered that question in the negative. *See* Pet. Br., 2000 WL 1868095 at *36; Resp. Br., 2001 WL 57504 at *32.

4

is consistent with *Perez*. The question is whether, if administrative procedures cannot "provide some sort of relief," the prisoner must exhaust anyway. *Perez* says no, and *Booth* is not to the contrary. Certain statements in *Booth*, such as "we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures," *id.* at 1825, taken out of context, support French's apparent position that exhaustion is required even when it can yield no relief. But it is clear that this is not what *Booth* holds. The Court acknowledged that "neither [party] argues that exhaustion is required where the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint," adding, "[w]ithout the possibility of some relief, the administrative officers would presumably have no authority to act on the subject of the complaint, leaving the inmate with nothing to exhaust." *Id.* at 1822 & n.4. The latter statement summarizes Judge Easterbrook's dictum in *Perez*.

Booth's federal complaint sought not only monetary damages, but a transfer to a different prison. While monetary damages could not have been obtained through the institutional grievance procedure at the time (Pennsylvania later made monetary compensation available), a transfer to another prison was possible.[3] As in *Perez*, administrative procedures could have provided some relief, although not the monetary damages Booth wanted, and, like the Seventh Circuit in *Perez*, the Supreme Court held that exhaustion was required.

In the present case, at the time Nitz was assaulted there was something correctional authorities could do, namely ensure that Nitz was kept separate from Kirkpatrick. Nitz wrote a grievance. But once Nitz had not only been separated from his cellmate, but transferred to another institution, he had received all the "relief" that administrative procedures could give; why should he appeal his grievance? For that matter, it is hardly surprising that the prison administration, for its part, did not respond to Nitz's grievance, since it would reasonably appear that Nitz's transfer

---

[3] Booth was eventually transferred while the case was pending before the Court of Appeals, but that claim was not moot when he filed suit. *See* Pet. Br. at *4.

5

had closed the case. It would be a strange rule that an inmate who has received all he expects or reasonably can expect must nevertheless continue to appeal, even when there is nothing to appeal. Is an inmate required to demand a form of relief he knows cannot be provided in order to provoke an appealable denial, lest he lose his right to sue? Such a rule would create busy work for correctional administrators and benefit no one.

In any event, Nitz alleges in response to French's motion that he attempted to appeal and received no response.[4] Even if exhaustion were required here, an inmate should be deemed to have exhausted administrative remedies if reasonably diligent efforts have been thwarted by the correctional administration. *See Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999)(administrative remedies deemed exhausted when a valid grievance has been filed and the time for response has expired); *Jones v. DeTella*, 12 F.Supp.2d 824, 826 (N.D. Ill. 1998)(Alesia, J.)(prisoner had exhausted when he did not receive a written response from the Administrative Review Board after a hearing on the appeal of the grievance despite contacting the Board twice).

French's motion is accordingly denied, and he is ordered to answer the complaint within thirty days. As Nitz is no longer at Sheridan Correctional Center and consequently has no way of communicating with witnesses who may be able to corroborate his claim, counsel will be appointed for him by separate order.

IT IS SO ORDERED.

DATED: 6/28/01

William J. Hibbler, Judge
United States District Court

---

[4] A plaintiff may add allegations in support of his complaint in response to a motion to dismiss. *See Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963-64 (7th Cir. 1992).

6